**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4073-17T4

CAMILE COLARUSSO,

     Plaintiff-Respondent,

v.

DAVID COLARUSSO,

     Defendant-Appellant.

_____

Submitted May 28, 2019 – Decided June 12, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0308-15.

Pless & Habeeb, LLP, attorneys for appellant (Randal W. Habeeb, on the briefs).

Callagy Law, PC, attorneys for respondent (Brian P. McCann, on the brief).

PER CURIAM

In this post-judgment dissolution matter, defendant David Colarusso appeals from a Family Part order, denying his motion for reconsideration and enforcing an award of counsel fees, professional fees, and pendente lite expenses to plaintiff Camile Colarusso. We affirm.

I.

We commence our review with a brief discussion of well-settled legal principles to give context to the trial judge's decision.

We review a trial court's denial of reconsideration only for abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016); Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Reconsideration is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria, 242 N.J. Super. at 401). In determining whether such an abuse

has taken place, a reviewing court should be mindful that a party must not utilize reconsideration merely because of "dissatisfaction with a decision of the [c]ourt." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (alteration in original) (quoting D'Atria, 242 N.J. Super. at 401).

## II.

We incorporate by reference the facts, which are set forth at length in our prior opinion and need not be repeated here. Colarusso v. Colarusso, A-3324-16 (App. Div. Oct. 1, 2018) (slip op. at 2-6).[1] Instead, we recite the pertinent procedural history that forms the focal point of this appeal.

In July 2014, plaintiff filed a complaint for divorce. Id. at 2. On July 14, 2015, the parties executed a consent order, which obligated defendant to pay approximately $5000 in pendente lite support. Id. at 2-3. During the twelve-day trial, both parties were self-represented and they were the only witnesses to testify. Id. at 6.

On March 2, 2017, Judge Lisa A. Firko issued a final dual judgment of divorce (FJOD), accompanied by a comprehensive twenty-three page written

---

[1] Our decision was rendered after the parties filed their briefs in this appeal.

opinion. Relevant here, the judge ordered defendant to pay plaintiff $500 per week as open durational alimony. Id. at 9. The judge also denied defendant's request to retroactively reduce his pendente lite support obligations.

Post-judgment litigation proved to be as contentious as pretrial litigation. Defendant ceased all pendente lite support as of March 2, 2017. Plaintiff filed an emergent application seeking clarification of the date by which pendente lite support would terminate. On April 7, 2017, Judge Firko issued an order "provid[ing] that [d]efendant . . . maintain his pendente lite obligations as set forth in the July 14, 2015 [c]onsent [o]rder through March 31, 2017." The judge further ordered defendant to settle all past due pendente lite obligations, and awarded plaintiff $1500 in counsel fees.

On April 17, 2017, defendant remitted to plaintiff's counsel a check for $1139.63. In his accompanying correspondence, defendant stated, "This check represents all outstanding bills defendant was responsible for." Defendant itemized the expenses included in his payment as follows: $928.01 for health insurance; $149.12 for an Optimum bill and $62.50 for a Verizon bill. Certifying that she believed defendant's check was a partial pendente lite payment, plaintiff cashed the check "because [d]efendant was so far behind in alimony payments."

A-4073-17T4

On May 3, 2017, plaintiff filed a pro se motion seeking various relief, including reimbursement for all pendente lite expenses incurred through March 31, 2017, i.e., "health insurance, unreimbursed medical expenses, and carrying costs of the former marital home." Defendant opposed the motion pro se. By order entered July 7, 2017, Judge Firko denied, as moot, plaintiff's reimbursement requests. In a written statement of reasons, accompanying the order, the judge explained her decision (emphasis added):

> Plaintiff, through her [a]ppellate counsel, Brian McCann, Esq., filed a [p]ost-[j]udgment [m]otion which resulted in this [c]ourt entering a[] [clarifying o]rder on April 7, 2017, which provided as follows:
>
>> 2. Defendant shall be responsible for all past due and outstanding [p]endente [l]ite obligations through March 31, 2017 and as set forth in the July 14, 2015 [c]onsent [o]rder, inclusive of the $450.00 per month in unallocated support to [p]laintff. To the extent that [p]laintiff has had to pay any such expenses, [d]efendant shall reimburse her the full amount within [three] days of being presented with an invoice and proof of payment for same. Credits to be discussed between counsel for [p]laintiff and the parties.
>
> Plaintiff did not articulate why she seeks reimbursement for these items. She simply attached various invoices, and documentation of automatic withdrawals, some of which are dated after March 31,

2017.  Furthermore, the alleged "proof" of her payments does not match the invoices submitted.

Defendant opposes said relief, and argues that Mr. McCann never contacted him to discuss potential credits and offsets due to [d]efendant, as directed by this [c]ourt.  Defendant also argues that on April 17, 2017, he wrote a letter to Mr. McCann and provided an explanation as to outstanding fees.  <u>He also enclosed a check, which was cashed by [p]laintiff.  The [c]ourt finds that the cashing of the check by [p]laintiff constituted an accord and satisfaction of any outstanding dispute between the parties relative to the relief requested.  Therefore, [p]laintiff's [m]otion in this regard is denied.</u>  Defendant correctly points out that as per the [FJOD], it is clearly stated that [p]laintiff is to assume financial responsibility of all household bills as of April 1, 2017.

Thereafter plaintiff, through counsel, sought enforcement of the July 14, 2015 consent order and April 7, 2017 clarifying order, and counsel fees.  To support her application, plaintiff annexed to her certification a spreadsheet of the "complete, detailed and specific reconciliation of the monies" owed by defendant, prepared by plaintiff's expert, Carleen J. Gaskin, CPA/CFF.

Immediately following oral argument on January 26, 2018, Judge Firko rendered an oral decision, granting each of plaintiff's requests for pendente lite support, based on Gaskin's "very detailed forensic analysis of the expenses."  In particular, the judge noted Gaskin thoroughly addressed each itemized pendente lite expense at issue by "connecting the reimbursements owed to the [attached]

6

statements, which is exactly the way it [i]s supposed to be done." Accordingly, the judge had "no question in [her] mind about any[ of the expenses]." That level of "explicit detail" obviated the necessity for a plenary hearing. Relying on Gaskin's analysis, the judge then painstakingly addressed each itemized pendente lite expense, and explained the calculation of her award.

Turning to plaintiff's counsel fees, the judge considered McCann's credentials as a certified matrimonial attorney, finding his hourly rate was commensurate with his "experience and expertise in the Bergen County Vicinage." Noting this enforcement matter "took a lot of work and detail[,]" the judge found McCann's "23.1 hours in connection with this post-judgment motion practice [wa]s warranted" under Rule 4:42-9, RPC 1.5(a) and Williams v. Williams, 59 N.J. 229 (1971). The judge elaborated:

> This should have been straightforward enforcement, based upon the [pendente lite] orders and my [FJOD]. . . . So [McCann's] work was necessary and required and well done.
>
> . . . . I found the fee to be reasonable, the amount involved and results obtained. Plaintiff prevailed on all aspects of the motion and took a good faith position while the defendant was unreasonable and acted in bad faith.

Further, the judge determined defendant's accord and satisfaction argument was misplaced, recognizing the Family Court "is a court of equity"

7

and "not a [c]ivil case where the [c]ourt would apply the [Uniform Commercial Code (U.C.C.)] strictly."  The judge continued:

> I [a]m not familiar with the U.C.C. really being controlling in a Family Court case and on many of the issues presented today, especially significant to the [c]ourt, deal with the children.  [The issues also d]eal with health insurance costs, even the cable bills, the car insurance, the homeowners fees, at a time when [the children] were not emancipated and I am not familiar with any authority that says the U.C.C. would be used to prejudice the children.  They have rights that are superior to parents and many other people in society.  So I find there was no meeting of the minds.  I am not going to strictly apply the U.C.C. or an accord and satisfaction for those reasons.

Ultimately, the judge awarded $8677.67 for past due pendente lite payments, and $9124.50 for counsel fees.  In doing so, the judge noted "defendant tried to misrepresent certain things [concerning his purported pendente lite payments] to the [c]ourt and adversary and to plaintiff."  He failed to make pendente lite payments as they became due despite "being presented with proofs on a fluid basis."  Instead, it was necessary for plaintiff to incur the cost of Gaskin's "extremely detailed report."  The judge also permitted plaintiff to file a supplemental certification to support her award of professional fees for services rendered by Gaskin.

Defendant moved for reconsideration of the January 26, 2018 order; plaintiff filed a cross-motion seeking additional counsel fees and professional fees incurred while contesting defendant's motion. Both parties were represented by counsel on the March 29, 2018 return date.

On April 4, 2018, Judge Firko rendered an extensive oral decision, which spanned twenty-nine transcript pages, denying defendant's motion for reconsideration and plaintiff's application for additional fees. The judge squarely addressed the issues raised. Citing Cummings, the judge determined defendant failed to meet the legal standard for reconsideration. Referencing her lengthy January 26, 2018 oral decision, the judge reiterated that Gaskin's work was "meticulous" and provided ample support for her decision.

Notably, in response to defendant's certification accompanying his motion for reconsideration, Gaskin submitted a detailed letter to McCann, analyzing each of defendant's challenges to her forensic analysis. Quoting extensively from that correspondence, the judge placed "a lot of weight" on Gaskin's review.

In sum, Gaskin determined defendant "provided no additional financial documentation. And many of his explanations and/or documents . . . were duplicative." Accordingly, the judge determined defendant provided no new information that would warrant reconsideration or modification of her prior

order.  The judge noted defendant could have retained a forensic accountant to rebut Gaskin's opinion, but he failed to do so.

Finally, Judge Firko determined plaintiff was entitled to $10,100.99 for Gaskin's fees.  In support, of her decision, the judge set forth Gaskin's professional credentials and the extensive forensic accounting services she provided.  For example, Gaskin's analysis included numerous orders entered in this matter and "a detailed review of bank statements, cancelled checks, [and] copies of original invoices."  Following her review of Gaskin's invoices for services rendered, the judge concluded Gaskin's fees were "reasonable and accurate."

Accordingly, the judge entered an order on April 4, 2018, requiring defendant to pay plaintiff $27,903.26, i.e., $8677.77[2] for past due pendente lite payments, $9124.50 for counsel fees, and $10,100.99 for professional fees.  The judge entered an amended order on April 6, 2018, correcting the date by which defendant was required to remit payments.  This appeal followed.

On appeal, defendant raises the following points for our consideration:

---

[2] We note a ten cents discrepancy between the January 26, 2018 and April 4, 2018 orders.  To the extent such mistake is not attributable to a mere typographical error, we consider such discrepancy to be de minimus and not material to the resolution of the issues presented on appeal.

POINT I

STANDARD OF REVIEW [IS NOT DEFERENTIAL BECAUSE THE COURT FAILED TO CONDUCT A PLENARY HEARING.
(Not Raised Below)[3]]

POINT II

JUDGE FIRKO'S INITIAL DECISION THAT THERE WAS AN ACCORD AND SATISFACTION SHOULD BE DISPOSITIVE[,] UNDER ALL OF THE FACTS AND CIRCUMSTANCES OF THIS CASE.

POINT III

THE AWARD OF SUBSTANTIAL ATTORNEYS' AND PROFESSIONAL FEES WELL BEYOND THE DAMAGES SOUGHT AND WITHOUT REGARD TO THE FINANCIAL ABILITIES OF THE PARTIES WAS AN ABUSE OF DISCRETION.

We have considered these contentions in light of the record and applicable legal principles, and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed in Judge Firko's cogent March 29, 2018 decision,

---

[3] As plaintiff correctly notes in her merits brief, defendant's failure to set forth his argument for a plenary hearing in a proper point heading violates Rule 2:6-2(a)(6). Accordingly, we decline to consider the argument. See Mid-Atl. Solar Energy Indus. Ass'n v. Christie, 418 N.J. Super. 499, 508 (App. Div. 2011) (declining to consider a "cursory discussion" that was "raised for the first time . . . at the end of [the plaintiff]'s brief without a separate point heading"); Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 2:6-2 (2019).

incorporating her thorough January 26, 2018 decision. In doing so, we discern no abuse of discretion on the part of the trial judge. Granata, 446 N.J. Super. at 468. We add only the following brief comments.

Defendant's argument that the judge failed to consider factors one, three, eight, and nine of Rule 5:3-5(c),[4] which permits an award of fees in a Family Part action, is belied by the record or otherwise misplaced. For example, Judge Firko explicitly discussed factor one, "[t]he financial circumstances of the parties." The judge noted the disparity between the parties' incomes, acknowledging she had imputed respective incomes of $34,000 to plaintiff and $127,000 to defendant.[5] The judge also discussed factor three, "[t]he

---

[4] Pursuant to Rule 5:3-5(c) the court may consider:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

[5] We previously upheld Judge Firko's imputation of income on appeal. Colarusso, slip op. at 13-14.

reasonableness and good faith positions of the parties[,]" finding defendant acted in bad faith.

Regarding Gaskin's professional fees, Judge Firko discussed at length the accountant's credentials and her work performed, which "included a detailed review of bank statements, cancelled checks, [and] copies of original invoices." Holding Gaskin to the same standard set forth in Williams that applies to an attorney's fee application, the judge noted Gaskin provided the "date, the staff or partner at the firm who worked on the case, a description of the services and the amounts billed." See Williams, 59 N.J. at 235 (finding fees were reasonable when "[t]he record indicate[d] that a great deal of time and effort was expended . . . ."). Additionally, the judge found the necessity of Gaskin's work "was reasonably and []proximately caused by . . . defendant's refusal to comply with the prior orders of the [c]ourt and the [FJOD]."

We also reject defendant's contention that the fees were unreasonable because they exceeded the award for pendente lite relief. See Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 387-88 (2009) (holding that when an attorney fee exceeds the amount of damages recovered, the court may still uphold such fees if they are reasonable).

13

Little needs to be said regarding defendant's accord and satisfaction argument. In particular, defendant claims Judge Firko's July 7, 2017 determination that plaintiff's acceptance of defendant's $1139.63 check absolved his pendente lite obligations under the law of the case doctrine. As defendant acknowledges, however, that doctrine is a non-binding rule intended to prevent relitigation of a previously resolved issue. See Lombardi v. Masso, 207 N.J. 517, 538-39 (2011).

Here, when presented with Gaskin's detailed analysis, the judge essentially reconsidered her July 7, 2017 order. Indeed, during the November 9, 2017 status conference, the judge recognized plaintiff's application was "a motion for reconsideration in disguise." Although in rendering her January 26, 2018 decision, the judge did not explicitly cite the legal standard for reconsideration, she acknowledged the inequities of applying accord and satisfaction to the payment at issue in this Family Part matter.

Moreover, when Judge Firko entered the July 7, 2017 order, she did not have the benefit of Gaskin's analysis. As McCann argued before the judge reconsidered her decision, "there was no meeting of the minds, there was no bon[a]fide dispute as to the amount and [plaintiff] never expressed any intention of accepting [defendant's $1139.63 check] as payment in full of almost $9,000

that she says is due to her . . . ." Accordingly, the judge properly exercised her discretion and correctly determined pendente lite support was due and owing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4073-17T4